IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS AKINRO | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-10-1297 |
| HERTZ CAR RENTAL, et al. | * | |
| Defendants. | | |
| | *** | |

## **MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor" and Department of Justice employee, filed this 28 U.S.C. § 1331 action on May 17, 2010, against Hertz Rental Car Company. His statement of facts alleges that:

> "Defendant Hertz hire Adoko Igbe to deceive me and prevent me from renting their car at the airport on May 16, 2010. Iya Lekan with traditional medicine of blood for war attacked me and prevent me from renting the hotel because she said I did not have good credit knowingly to killed me through the rental or when the situation become tense."

Paper No. 1. In his relief request, Plaintiff seeks the award of $870,000,000,000,000.00 and life imprisonment for the manager of the car rental office. *Id.* Although plaintiff's indigency application contains information the court finds questionable, he shall be granted leave to proceed *in forma pauperis*.[1]

This court may preliminarily review the complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at three separate banks. Paper No. 2.

explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* complaint and accompanying materials a generous construction, the court finds no basis to allow the action to go forward or to require supplementation. The complaint speaks for itself and shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.


Date: __June 4, 2010_____      /s/_____
                                        J. Frederick Motz
                                        United States District Judge